# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:18-cv-01677-CAS(SKx) |
| Plaintiff, | **[PROPOSED] PRELIMINARY INJUNCTION ORDERS** |
| vs. | |
| STEVEN J. MUEHLER, CLAUDIA M. MUEHLER, KOOROSH "DANNY" RAHIMI, ALTAVISTA CAPITAL MARKETS, LLC, ALTAVISTA PRIVATE CLIENT, LLC, AND ALTAVISTA SECURITIES, LLC, | |
| Defendants. | |

This matter is before the Court on the Plaintiff Securities and Exchange Commission's ("SEC") motion for a preliminary injunction against Defendants Steven J. Muehler ("Muehler"), Claudia M. Mueller ("Claudia Mueller"), AltaVista Capital Markets, LLC, AltaVista Private Client, LLC and AltaVista Securities, LLC (AltaVista Companies), to preliminarily enjoin, pending trial in this action, violations of the federal securities laws.

The Court, having considered the SEC's Complaint, Motion for a Preliminary Injunction, supporting Memorandum of Points and Authorities, the supporting Declaration of M. Lance Jaspar and exhibits attached thereto, and other evidence and argument presented to the Court, and any oppositions thereto, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. s 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)] by evidence establishing a *prima facie* case that the Defendants have violated the federal securities laws and a reasonable likelihood that the Defendants will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 5(c) of the Securities Act [15 U.S.C. § 77q(a)], and Sections 10(b), 15(a), and 20(e) of the Exchange Act [15 U.S.C. § 78j(b), 78o, and 78t] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**I.**

IT IS HEREBY ORDERED that the SEC's Motion for a Preliminary Injunction is GRANTED.

**II.**

IT IS FURTHER ORDERED that Muehler and the AltaVista Companies, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby preliminarily restrained and enjoined from, directly or indirectly, making use of any means of instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of

any prospectus or otherwise any security, unless a registration statement has been filed as to such security, as required by Section 5(c) of the Securities Act [15 U.S.C. § 77q(a)].

**III.**

IT IS FURTHER ORDERED that Defendants Muehler and the AltaVista Companies, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not materially misleading; and

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

**IV.**

IT IS FURTHER ORDERED that Defendants Muehler and the AltaVista Companies, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained from, directly or indirectly, making use of the mails or any means or instrumentalities of interstate commerce to effect

transactions in, or induce or attempt to induce, the purchase or sale of securities, with being registered as a broker or dealer, in accordance with Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

**V.**

IT IS FURTHER ORDERED that Defendant Claudia Muehler, and her agents, servants, employees, attorneys, and those persons in active concert or participation with her, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained from aiding and abetting violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

**VI.**

IT IS FURTHER ORDERED that Defendant Claudia Muehler, and her agents, servants, employees, attorneys, and those persons in active concert or participation with her, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained from aiding and abetting violations of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

**VII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: April 5, 2018

_Christina A. Snyder_
UNITED STATES DISTRICT JUDGE