# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN J. MUEHLER, CLAUDIA M. MUEHLER, KOOROSH "DANNY" RAHIMI, ALTAVISTA CAPITAL MARKETS, LLC, ALTAVISTA PRIVATE CLIENT, LLC, AND ALTAVISTA SECURITIES, LLC,<br><br>Defendants. | Case No. 2:18-cv-01677-CAS(SKx)<br><br>**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT STEVEN J. MUEHLER** |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Steven J. Muehler ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Judgment; and Defendant having admitted the facts set forth in paragraphs 25 through 277 of the Complaint and acknowledged that his conduct violated the securities laws:

1

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) & (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to employ any device, scheme, or artifice to defraud, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e(c)] by, directly or indirectly, in the absence of any applicable exemption; making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

/ / /

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
binds the following who receive actual notice of this Final Judgment by personal
service or otherwise: (a) Defendant's officers, agents, servants, employees, and
attorneys; and (b) other persons in active concert or participation with Defendant or
with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(b)(6)(B)(i) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)(i)], which makes it unlawful for any person as to whom an order by the Commission barring such person from being associated with a broker, dealer, investment adviser, municipal securities

dealer, municipal adviser, transfer agent, or nationally recognized statistical rating organization, or from participating in offering of penny stock, is in effect, without the consent of the Commission, willfully to become, or to be, associated with a broker or dealer in contravention of such order, or to participate in an offering of penny stock in contravention of such order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any securities, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal account.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $80,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,789.59, for a total of $83,789.59. Defendant's disgorgement and prejudgment interest obligation includes Defendant's joint and several liability with defendant Claudia M. Muehler for any amounts she is ordered to pay as disgorgement and prejudgment interest in this action. Defendant is also liable for a civil penalty in the amount of $160,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

| | |
|---|---|
| 1 | U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying $243,789.59 |
| 2 | to the Securities and Exchange Commission within 14 days after entry of this Final |
| 3 | Judgment. |
| 4 |     Defendant may transmit payment electronically to the Commission, which will |
| 5 | provide detailed ACH transfer/Fedwire instructions upon request. Payment may also |
| 6 | be made directly from a bank account via Pay.gov through the SEC website at |
| 7 | http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified |
| 8 | check, bank cashier's check, or United States postal money order payable to the |
| 9 | Securities and Exchange Commission, which shall be delivered or mailed to |

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

///

///

| | |
|---|---|
| 1 | **VII.** |
| 2 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 3 | Defendant's Consent is incorporated herein with the same force and effect as if fully |
| 4 | set forth herein, and that Defendant shall comply with all of the undertakings and |
| 5 | agreements set forth therein, including, but not limited to, the undertaking to dissolve |
| 6 | AltaVista Capital Markets, LLC, AltaVistaPrivate Client LLC and AltaVista |
| 7 | Securities, LLC no later than sixty (60) days from the date of this Final Judgment, |
| 8 | and certify, in writing, compliance with the undertaking set forth above. The |
| 9 | certification shall identify the undertaking, provide written evidence of compliance in |
| 10 | the form of a narrative, and be supported by exhibits sufficient to demonstrate |
| 11 | compliance. The Commission staff may make reasonable requests for further |
| 12 | evidence of compliance, and Defendant agrees to provide such evidence. Defendant |
| 13 | shall submit the certification and supporting material to Commission Trial Counsel, |
| 14 | Donald W. Searles, with a copy to the Office of Chief Counsel of the Enforcement |
| 15 | Division, no later than sixty (60) days from the date of entry of this Final Judgment. . |
| 16 | **VIII.** |
| 17 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for |
| 18 | purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, |
| 19 | 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, |
| 20 | and further, any debt for disgorgement, prejudgment interest, civil penalty or other |
| 21 | amounts due by Defendant under this Final Judgment or any other judgment, order, |
| 22 | consent order, decree or settlement agreement entered in connection with this |
| 23 | proceeding, is a debt for the violation by Defendant of the federal securities laws or |
| 24 | any regulation or order issued under such laws, as set forth in Section 523(a)(19) of |
| 25 | the Bankruptcy Code, 11 U.S.C. §523(a)(19). |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: July 5, 2018

*Christina A. Snyder*
UNITED STATES DISTRICT JUDGE